IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. MIKEL CECIL

**Criminal Court for Sumner County**
**No. 2023-CR-154**

_____

**No. M2025-01603-CCA-T10B-CO**

_____

## ORDER

This matter is before the Court upon petition of the Defendant, Mikel Cecil, for an accelerated interlocutory appeal pursuant to Supreme Court Rule 10B, Section 2. The Defendant asks this Court to review the trial judge's order denying his motion to recuse.

### Supreme Court Rule 10B

Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal. The motion shall be filed no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. A party who is represented by counsel is not permitted to file a pro se motion under this rule.

Tenn. Sup. Ct. R. 10B, Sec. 1.01. If the trial judge denies the motion, the party may then file a petition for appellate review, as the Defendant here has done. *Id.*, Sec. 2.01. The petition must be filed within twenty-one days of the trial court's order, and the appealing party is required to promptly file a copy of the petition with the trial court clerk and serve

all other parties. *Id.*, Sec. 2.02. Section 2.03 further requires the petition to include a statement of the issues presented for review, a statement of the relevant facts, a supporting argument requesting specific relief, as well as copies of any order or opinion and any other parts of the record necessary for determination of the appeal. If this Court determines, based on the petition and supporting documents, that an answer from any other party is unnecessary, the Court may act summarily on the appeal. *Id.*, Sec. 2.05. Having reviewed the timely-filed petition and supporting documents, the Court has determined that an answer from the State, additional briefing, and oral argument are all unnecessary; therefore, the Court has elected to act summarily.

**Background**

On July 25, 2025, the Defendant filed his motion to disqualify Judge Jennifer S. Nichols from presiding over his case. The State filed a response in opposition on August 6, 2025. Following a hearing on August 26, 2025, the trial judge filed a written order on September 23, 2025, denying the motion to disqualify. That order summarizes the relevant facts:

1. On March 9, 2023, the Defendant was indicted by the Sumner County Grand Jury for continuous sexual abuse of a child (Tenn. Code Ann. § 39-13-518), rape of a child (Tenn. Code Ann. §39-13-522), aggravated sexual battery (Tenn. Code Ann. § 39-13-504), and especially aggravated sexual exploitation of a minor (Tenn. Code Ann. § 39-17-1005).

2. This matter was docketed for a jury trial scheduled to begin on September 22, 2025.

3. Judge Nichols served as an Assistant District Attorney General for the 18th Judicial District from September 1, 2022, until August 31, 2024, and took the bench as Circuit Court Judge on September 1, 2024. The indictment in this case was returned by the Grand Jury, against the Defendant, while Judge Nichols was employed as an ADA for the 18th Judicial District.

4. When Judge Nichols took the bench on September 1, 2024, Criminal Court Judge Dee David Gay [] transferred hundreds of cases from his docket to hers. Judge Nichols did not select the cases that were transferred to her.

5. In preparation for the transfer of cases from Judge Gay and to avoid cases being transferred to her where a conflict existed, Judge Nichols prepared a list of cases that she either personally prosecuted, consulted on or had knowledge of, while employed as an ADA.

2

6. Since taking the bench on September 1, 2024, if a case Judge Nichols has knowledge of, is inadvertently assigned to her court, Judge Nichols has recused herself *sua sponte*.

7. On October 29, 2024, Criminal Court Judge Dee David Gay transferred this case to Judge Jennifer Nichols.

8. On July 25, 2025, the Defendant filed a "Motion to Disqualify" Judge Nichols. In his Motion, the Defendant argues Judge Nichols is prohibited from presiding over this matter because "...while she was employed by the District Attorney General's Office, [Judge Nichols] was associated with a lawyer or lawyers in that office who participated as such in this cause during that association." The Defendant cites Tn. Sup. Ct. R. 10, RJC 2.11(A)(6)(a) as the legal basis for his request. The Defendant's position is that the disqualification of Judge Nichols is mandatory, thus leaving the Court with no discretion, other than granting his Motion to Disqualify. The Defendant's sole contention for disqualification is Judge Nichols' employment as an ADA in this judicial district while his case was pending before the Criminal Court. The Defendant has not alleged Judge Nichols was personally or substantially involved in the prosecution of his case or obtained extrajudicial information about him or his case during Judge Nichols' tenure as an ADA, or at any other time.

9. The State of Tennessee filed a response in opposition to the Defendant's Motion to Disqualify on August 6, 2025. In its response, the State urges the Court to deny the Defendant's motion and argues that the issue of disqualification in this case is governed by Tn. Sup. Ct. R. 10, RJC 2.11(A)(6)(b), which addresses judicial disqualification in circumstances where a judge was employed as a government lawyer prior to assuming judicial office. The State cites *State v. Griffin*, 610 S.W.3d 752 (Tenn. 2020), which holds that a judge's prior employment within a district attorney's office at the time a defendant's case is indicted does not, standing alone, disqualify the judge from later presiding over that defendant's case. The State also argued that Defendant's theory that Judge Nichols has no discretion and must be disqualified under RJC 2.11 (A)(6)(a), requires that the Court ignore RJC 2.11 (A)(6)(b).

10. The Defendant avers that the Tennessee Supreme Court holding in *Griffin* is wrong; and that Judge Nichols is also wrong for relying on the *Griffin* opinion as well as RJC 2.11(A)(6)(b).

3

11. The Defendant offered no proof or exhibits during the August 26, 2025, hearing; therefore, the Court's legal conclusions are born from its knowledge, or lack thereof, of the Defendant's case prior to Judge Nichols assuming judicial office. The Court must, further, rely upon the statements of ADA Nathan Nichols made as an officer of the court, about the policies, operating structure, and personnel of the District Attorney General's Office and his confirmation that the policies, operating structure and personnel were the same during Judge Nichols' tenure as an ADA. Based upon the foregoing, the Court finds the following determinative facts:

a. As previously stated herein, Judge Jennifer Nichols served as an ADA for the Eighteenth Judicial District beginning on September 1, 2022, until assuming office as Circuit Court Judge for the Eighteenth Judicial District on September 1, 2024.

b. Throughout her tenure at the District Attorney's Office, then-ADA Nichols prosecuted cases in both the General Sessions and Criminal Courts of the Eighteenth Judicial District. ADA Nathan Nichols was and remains the person within that office who prosecutes cases involving allegations of child sexual abuse.

c. The record reveals that, since the Defendant's indictment, General Nichols has been the exclusive prosecutor of this case.

d. In the Eighteenth Judicial District, Former District Attorney General Ray Whitley directly supervised all employees, including his ADAs. There was no "deputy" district attorney, "division chiefs", or "supervisors"; therefore, Judge Nichols did not supervise General Nichols; nor did she supervise any other ADA, while employed with the District Attorney's Office. The Court further finds that at the time Judge Nichols joined the District Attorney's Office, General Nichols was already employed there.

e. At no time during Judge Nichols' tenure at the District Attorney General's Office did General Whitley, General Nathan Nichols, or any other ADA consult her about the Defendant's case. Further, Judge Nichols has no recollection

4

or information of the facts of this case or the Defendant prior to having the case transferred to her by Judge Dee David Gay. Still further, Judge Nichols has never gained extrajudicial information about him or this case.

f. It is Judge Nichols' practice to recuse herself, *sua sponte*, if a case she prosecuted or about which she consulted with her former colleagues is inadvertently assigned to her court.

g. In summary, Judge Nichols did not participate in the prosecution of the Defendant's case, had no knowledge of the Defendant or the facts of his case prior to this matter being assigned to her court, and did not supervise General Nathan Nichols, or any other ADA, during her tenure at the District Attorney General's Office.

### Standard of Review

This Court reviews a trial court's ruling on a motion to recuse under a *de novo* standard of review. Tenn. Sup. Ct. R10B, Sec. 2.01. "A judge should grant a motion to recuse when the judge has any doubt as to his or her ability to preside impartially in the case *or* when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (internal quotation omitted) (emphasis added). "Hence, the test is ultimately an objective one since the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001).

A judge's duty to recuse springs from a constitutional source: Article VI, section 11 of the Tennessee Constitution provides that "[n]o Judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he [or she] may be interested . . . ." Our Supreme Court has explained "[t]he purpose of Article 6, § 11 of our Constitution is to insure every litigant the cold neutrality of an impartial court." *Leighton v. Henderson*, 414 S.W.2d 419, 421 (Tenn. 1967). Similarly, the Code of Judicial Conduct requires a judge to perform the duties of his or her office without bias or prejudice. Tenn. Sup. Ct. R. 10, R 2.3(A). Accordingly, the Code demands that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." *Id.*, R 2.11(A). The Code provides examples of instances which require recusal, such as when a judge:

5

(a) served as a lawyer in *the matter in controversy*, or was associated with a lawyer who participated substantially as a lawyer *in the matter* during such association; [or]

(b) served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning *the proceeding*, or has publicly expressed in such capacity an opinion concerning the merits of *the particular matter in controversy*.

*Id.*, 2.11(A)(6) (emphasis added). By its very language, the Code limits the trial judge's consideration of disqualification to the "matter in controversy." *Id.*

Our supreme court has reiterated that "the analysis for impartiality . . . in fact is whether 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *State v. Griffin*, 610 S.W.3d 752, 762 (Tenn. 2020) (quoting *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2008) and *Liberty Mut. Ins. Co.*, 38 S.W.3d at 564). The facts presented to the court in *Griffin* are almost identical to the facts in the instant case:

> The trial judge in this matter served as a deputy district attorney general in Knox County at the time the defendants were indicted by the Knox County Grand Jury. After a subsequent appointment to serve as a trial judge in Knox County Criminal Court, the trial judge was assigned to the defendants' cases. The defendants moved for recusal, arguing that the trial judge had supervisory authority over their cases as Deputy District Attorney General.

*Id.* at 753. Highlighting Rule 10, RJC 2.11(A)(6), quoted above, the supreme court then stated that "[t]he pertinent question for purposes of this appeal . . . is whether [the judge's] *supervisory authority* amounted to the trial judge participating 'personally and substantially' in this case such that his impartiality might reasonably be questioned." *Id.* at 758 (emphasis added). However, the court reiterated "the analysis for impartiality adopted by this Court in fact is whether 'a person of ordinary prudence in the judge's position, *knowing all of the facts known to the judge*, would find a reasonable basis for questioning the judge's impartiality.'" *Id.* at 762 (emphasis in original) (citations omitted). Because the judge in *Griffin* "did not supervise the ADA in th[e] case and had no actual involvement with th[e] case, a person of ordinary prudence would not find a reasonable basis for questioning the trial judge's impartiality." *Id.* Significantly, the supreme court specifically reaffirmed this Court's holdings in prior cases that "mere employment as an

6

assistant district attorney while his or her office prosecuted the case, without more, does not require [a judge's] recusal." *Id.* at 758-59.

**Discussion**

In its order, after summarizing the applicable law discussed above, the trial judge in this case issued the following ruling:

[] After considering the plain language of the specific provisions relied upon by the parties, the Court concludes § 2.11(A)(6)(b) controls as an assistant district attorney general serves as both a government employee and a public official and employment as an ADA is "governmental" and ADAs are "public officials" for the purposes of § 2.11(A)(6)(b). The Court's conclusion finds strong support, not only in the plain language of the Code and the common, ordinary meaning of the terms utilized therein, but also within Tennessee's jurisprudence. *See*, *State v. Griffin*, 610 S.W.3d 752 (Tenn. 2020). *Griffin* is particularly instructive because the case centered around a defendant's attempt to disqualify a trial judge who was serving as a deputy district attorney general when that defendant's case was indicted by the local grand jury. In determining that disqualification was not required, our Supreme Court utilized § 2.11(A)(6)(b) rather than § 2.11(A)(6)(a), thereby signifying employment within a district attorney general's office as "government employment" for the purposes of the Code. *Id*. at 758. *See*, *also*, *State v. Ellis*, No. W2000-02242-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 579, at *3 (Tenn. Crim. App. July 19, 2001).

[] Having established the proper analytical framework, the Court now turns to the issue of whether disqualification is required in this case. As outlined above, Judge Nichols, in her former capacity as an ADA, was at no time involved in or consulted about this prosecution. Further, Judge Nichols had no knowledge whatsoever of the facts of this case or the Defendant prior to this matter being assigned to her Court. For these reasons, the Court cannot conclude that Judge Nichols "participated personally and substantially as a lawyer or public official" in this matter. For these same reasons, the Court cannot conclude, nor has it been asserted by the Defendant, that Judge Nichols "[expressed] . . . an opinion concerning the merits of [this] matter" prior to becoming a judge. Based upon the foregoing, the Court that § 2.11(A)(6)(b) does not mandate disqualification.

On appeal, the Defendant disagrees with that ruling and contends the trial judge erred in denying his motion to disqualify because her recusal is "mandatory." He insists

the simple fact that Judge Nichols was employed as an Assistant District Attorney General when his case originated in that district automatically requires her disqualification. According to the Defendant, because of the revisions to the Code of Judicial Conduct in 2012, "[t]his Court should now take the opportunity to reevaluate and put an end to the erroneous perpetuation of discretionary language from pre-2012 caselaw." To that end, the Defendant argues the supreme court's decision in *Griffin* "and other prior decisions leaving recusal decisions to the discretion of the trial judge are inconsistent with the black letter Scope and Rules of the Code of Judicial Conduct, traditional canons of statutory construction, and a more recent Advisory Opinion issued by the Judicial Ethics Committee." In essence, the Defendant argues the supreme court wrongly decided *Griffin*.

The Defendant seems to rely on Comment [1] of Rule 2.11 in support of his argument that the "black letter" of the Rules controls. That argument is somewhat confusing, though. Comment [1] states: "Under this Rule, a judge *is disqualified* whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) through (6) apply." Tenn. Sup. Ct. R. 10, R. 2.11, cmt. [1] (emphasis added). However, that statement only reiterates the universal requirement that a judge must recuse himself or herself whenever the judge's impartiality might reasonably be questioned. And that requirement controls, whether or not "any of the specific provisions of paragraphs (A)(1) through (6) apply." *Id.* Indeed, the opening line of Rule 2.11 states: "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, *including but not limited to the following circumstances . . .*" Tenn. Sup. Ct. R. 10, R 2.11(A) (emphasis added).

As to his contention that *Griffin* was wrongly decided, the Defendant suggests that, "[w]hile the Tennessee Supreme Court has purported to set an objective standard for recusal, [] the appearance of impropriety is not prevented by allowing a trial judge's recusal decision to rest with the **trial judge's discretion, evaluated upon the facts known to the trial judge**. This circular standard is neither truly objective nor consistent with the black letter or spirit of the Code of Judicial Conduct." (Emphasis in original). He further suggests that "to prevent the appearance of impropriety in cases where a trial judge was formerly a prosecutor in the same county during the prosecution of a criminal defendant's case, the language from *Cannon* and similar cases should have been abandoned when Tennessee Supreme Court Rule 10 was overhauled in 2012, along with the adoption of new Tennessee Supreme Court Rule 10B eliminating judicial discretion in recusal decisions." However, the supreme court was well aware of the 2012 changes to the Code of Judicial Conduct when it decided *Griffin*. Aside from that fact, though, this Court "must follow the decisions of the Supreme Court. . . [and it] may not alter, modify, revise, modernize, or overrule a decision of the Supreme Court." *State v. Jefferson*, 938 S.W.2d 1, 21 (Tenn. Crim. App. 1996), *abrogated on other grounds by State v. Moon*, 644 S.W.3d 72 (Tenn. 2022). To that end, the trial court in the case at hand also properly relied on the analysis in *Griffin*.

8

Thus, the Defendant's assertion that *Griffin* is merely "persuasive" authority is wholly without merit.

The Defendant further argues the *Griffin* opinion, and other cases like it, "is undermined by a more recent Advisory Opinion published by the Judicial Ethics Committee in August 2022." He insists that Advisory Opinion "provides further support for [his] arguments that the black letter of the Rules must control, that the decision whether to recuse is not left to a trial judge's discretion, and that recusal is mandatory in this case." However, it is well-established law that ethics opinions, while constituting a body of principles and objectives *upon which judges can rely for guidance*, "do not have the force of law." *State v. Jones*, 726 S.W.2d 515, 519 (Tenn. 1987); Tenn. Sup. Ct. R. 10A, Sec. 10A.6. In sum, this Court is not bound by that advisory opinion.

Unlike the judge in *Griffin*, Judge Nichols did not have supervisory authority over the cases in her district. Instead, "Judge Nichols did not participate in the prosecution of the Defendant's case, had no knowledge of the Defendant or the facts of his case prior to this matter being assigned to her court, and did not supervise General Nathan Nichols, or any other ADA, during her tenure at the District Attorney General's Office." Again, the supreme court in *Griffin* reaffirmed this Court's holdings in prior cases that "mere employment as an assistant district attorney while his or her office prosecuted the case, *without more*, does not require [a judge's] recusal." 610 S.W.3d at 758-59 (emphasis added). The Defendant does not dispute the facts set forth by Judge Nichols in her order. Instead, he advocates for a change in supreme court precedent. As discussed above, however, this Court cannot accommodate that request.

## Conclusion

After a *de novo* review of the petition and the relevant authorities, and for the reasons stated above, this Court concludes Judge Nichols properly denied the Defendant's motion to recuse. Knowing all the facts known to Judge Nichols, a person of ordinary prudence would not find a reasonable basis for questioning her impartiality in this case. Thus, neither the Tennessee Constitution nor the Code of Judicial Conduct mandate that Judge Nichols recuse herself under the circumstances presented herein.

The ruling of the trial court is affirmed. Because the Defendant is indigent, costs are taxed to State. The Clerk shall forward a copy of this order to Judge Nichols.

Holloway, Easter, Ayers, JJ.

9